## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEFFREY STUART KILGORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  24-3492 (UNA) |
| | ) | |
| | ) | |
| CALIFORNIA STATE LOTTERY *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff, appearing *pro se*, brings this action against the California State Lottery, the Federal Bureau of Investigation, and a California-based FBI Special Agent and seeks leave to proceed *in forma pauperis* (IFP).  The Court grants the IFP motion and dismisses the case for want of jurisdiction.

Plaintiff, a resident of Washington, D.C., alleges that he "won $100 million in Sept. 2010-11 first week," but his "ticket was lost[,] and all tickets were paid at that time."  Compl., ECF No. 1 at 4.  Plaintiff seeks to compel presumably the California State Lottery Commission to "provide names of all winners during that period for that amount and verify who used [his] name and [to] recover" his alleged winnings.  *Id*.  Plaintiff names the FBI special agent as a "person of interest" without explanation.  *Id*.

"Federal courts are courts of limited jurisdiction" possessing "only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  The United States, U.S. agencies, and U.S. employees sued in their official capacities are immune from

suit save "clear congressional consent," *United States v. Mitchell*, 445 U.S. 535, 538 (1980), which "must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (cleaned up). Similarly, the Eleventh Amendment immunizes states from lawsuits filed against them in federal court absent their consent to be sued or Congress' "unequivocally expressed" intent to abrogate the states' sovereign immunity.[1] *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73 (2000). A party seeking relief in the district court must plead facts that bring the suit within the court's jurisdiction, *see* Fed. R. Civ. P. 8(a), or suffer dismissal of the case, Fed. R. Civ. P. 12(h)(3). Plaintiff has pleaded nothing to overcome sovereign immunity.

First, as an arm of the state, the California State Lottery (CSL) is immune from suit in federal court. *See* Cal. Gov. Code 8880-8880.72 (California State Lottery Act of 1984); *Hussein v. Multi-State Lottery Association*, 2018 WL 10812690, at *3 (N.D. Cal. Aug. 13, 2018), citing *Scott v. California State Lotto*, 19 F.3d 1441 (9th Cir. 1994) ("CSL is plainly an instrumentality of the state of California" and, therefore, "is immune from suit in federal court under the Eleventh Amendment."). Plaintiff's vague reference to "Chapter 4 . . . Forgery and Counterfiting [sic]" as the basis of jurisdiction, Compl. at 3, does not satisfy his burden of establishing a waiver of state immunity. Second, Plaintiff's bare allegation against the FBI Special Agent neither establishes a waiver of the United States' immunity nor plausibly pleads a claim against the agent personally. Regardless, a "complaint may be dismissed on jurisdictional grounds when," as here, it is 'patently insubstantial,' presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586

---

[1] The Eleventh Amendment to the U.S. Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

F.3d 1006, 1009 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)).

Consequently, this case will be dismissed by separate order.


_____/s/_____
CHRISTOPHER R. COOPER
Date:  March 20, 2025                          United States District Judge